UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Nathan Taylor, | ) | CASE NO. 4:12 CV 942 |
| Petitioner, | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Robert L. Farley, | ) | AND ORDER |
| Respondent. | ) | |

On April 18, 2012, petitioner *pro se* Nathan Taylor filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. As it is apparent on the face of the petition that it is without merit, this action is dismissed pursuant to 28 U.S.C. § 2243 for the reasons set forth below.

Mr. Taylor was convicted in 2007 in the United States District Court for the Northern District of West Virginia, pursuant to a guilty plea, of possession of a firearm by a convicted felon.[1] See, 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal, based on three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). The petition states he then filed an unsuccessful direct appeal and an unsuccessful postconviction motion under 28 U.S.C. § 2255. Mr. Taylor now asserts

---

[1] *USA v. Taylor*, N.D.W.Va. Case No. 5:07 CR 0008.

his conviction and sentence are invalid because the trial judge never ruled on a suppression motion and his counsel was ineffective.[2] He seeks immediate release from incarceration.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

---

[2] It is also possible Mr. Taylor is seeking to challenge the finding that he committed three violent felonies for purposes of being found to be an armed career criminal. He acknowledges, however, that this assertion was raised and rejected by the United States Court of Appeals for the Fourth Circuit. *USA v. Taylor*, 2008 WL 4185742 (4th Cir. Sept. 4, 2008).

As a threshold matter, Mr. Taylor's claim concerning his suppression motion was waived by his guilty plea, and the trial judge so ruled in denying the motion as moot. *USA v. Taylor*, N.D.W.Va. Case No. 5:07 CR 0008, Doc. No. 80. Further, he seeks to raise issues that were or could have been raised on direct appeal or in his 2255 motion. The petition sets forth no reasonable suggestion of a proper basis on which to now raise these issues pursuant to 28 U.S.C. § 2241, or that serious constitutional questions require further consideration of his claims.

Accordingly, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/Jeffrey J. Helmick<br>UNITED STATES DISTRICT JUDGE